**ROBERTS v. REED et al.**

No. 2533.

Court of Civil Appeals of Texas. Beaumont.

Nov. 9, 1933.

Edwards & Varner, of Nacogdoches, for appellant.

Hodges & Greve, of Nacogdoches, for appellee.

O'QUINN, Justice.

This is an appeal from a final judgment dissolving an injunction.

The record reflects that appellee Reed sued appellant in the district court of Nacogdoches county, and obtained judgment in the sum of $5,334.45 on a note, and for foreclosure of a deed of trust lien on certain property situated in the city of Nacogdoches which appellant had executed to secure the payment of the note. No appeal was taken from this judgment.

In May, 1933, execution and order of sale issued out of the district court, and the property was advertised for sale, same to be made on June 6, 1933. Pending the advertisement of the property for sale, appellant applied to the district court for an injunction to stay the sale for a period of 180 days, basing his application on the provisions of what is known as House Bill No. 231, Acts 43d Legislature (General Laws 43d Legislature, 1933, p. 225, c. 102 [Vernon's Ann. Civ. St. art. 2218b]), known as the Texas Moratory Law. Appellant's petition contained the necessary allegations to invoke the benefits of the act, and was duly verified. A temporary injunction was granted, and notice duly served on appellee. Appellee filed motion to dissolve the injunction, and said motion contained matters of defense to the allegations in appellant's petition. A hearing was duly had, and the court entered judgment sustaining the motion to dissolve, and dissolved the injunction.

Appellant's sworn petition, as was required by subsection 1a of section 1 of said act, averred (Vernon's Ann. Civ. St. art. 2218b, § 1, subsec. 1a): "That the lien sought to be foreclosed was not procured or obtained for the purpose of securing in part or whole any indebtedness for money or property procured by misrepresentation, fraud, defalcation or embezzlement."

Appellees' answer and motion to dissolve specifically denied the truthfulness of this allegation, and specifically and specially alleged that the loan of the money obtained by appellant to secure the payment of which the lien was executed was procured by fraud, alleging the particulars.

The case was tried to the court, and judgment entered dissolving the injunction, from which judgment appellant brings this appeal.

At the request of appellant, the court filed his findings of fact and conclusions of law. Among other facts, the court found that the loan of the money, to secure the payment of which appellant executed the deed of trust lien on the property in question, and which lien was foreclosed, was procured by fraudulent misrepresentations.

There is no statement of facts in the record, in the absence of which it must be presumed that evidence was before the court supporting such finding. The record does not disclose any objection or exception by appellant to any fact found by the court or any motion to strike same for want of support. Hence, as stated, it must be presumed that there was evidence before the court to support the finding.

 It appearing that the lien sought to be foreclosed, and which was foreclosed, was executed for the purpose of securing indebtedness for money procured by fraud and misrepresentation, appellant was not entitled to the relief sought. For one to be entitled to the relief provided by the act, the transaction out of which the indebtedness secured grew must have been free from fraud or misrepresentation.

The judgment is affirmed.